UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKASZ GOTTWALD p/k/a DR. LUKE d/b/a KASZ MONEY PUBLISHING, MARTIN KARL SANDBERG p/k/a MAX MARTIN d/b/a MARATONE AB, and SHEPPARD SOLOMON,<br><br>Plaintiffs,<br><br>v.<br><br>RANDY MAZICK, NICK TURNER, JORDAN JASON MARINO, and JON STUTLER p/k/a THE ASPHALT, and DOES 1-10,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT, DECLARATORY RELIEF, AND DEFAMATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lukasz Gottwald p/k/a Dr. Luke d/b/a Kasz Money Publishing, Martin Karl Sandberg p/k/a Max Martin d/b/a Maratone AB, and Sheppard Solomon (collectively, "Plaintiffs"), by their attorneys, Mitchell Silberberg & Knupp LLP, for their Complaint against Defendants Randy Mazick, Nick Turner, Jordan Jason Marino, and Jon Stutler p/k/a The Asphalt, and Does 1-10 (collectively, "Defendants") allege, upon knowledge as to their own acts and upon information and belief as to the acts of others, as follows:

## NATURE OF THE CLAIMS

1. This action is brought by Plaintiffs to seek monetary damages and injunctive relief for Defendants' direct or contributory copyright infringement of Plaintiffs' composition "Feels Like Tonight", and by Plaintiff Dr. Luke for Defendants' defamatory statements posted about him on the Internet. In addition, Defendants seek a declaratory judgment that Plaintiffs' composition "Feels Like Tonight" does not infringe Defendants' composition "Tonight".

2. Plaintiffs Dr. Luke, Max Martin, and Shep Solomon are three of the most talented and sought after songwriters, musicians and producers in the entertainment business—and have been so for years. Their combined continuous international, widespread success and accomplishment is unparalleled in their field. Over the past decade, they have authored or co-authored top hit after top hit for many of the world's most successful popular recording and performing artists, to name a few: Britney Spears, The Backstreet Boys, Pink, Kelly Clarkson, Mos Def, and Carlos Santana. Among his many acknowledgements, Plaintiff Martin was awarded the ASCAP Songwriter of the Year award three years in a row from 1999 to 2001. Plaintiff Dr. Luke is the co-author and producer of the current hit single by Katy Perry, which has been the number one single in America for the past five weeks, according to the Billboard Hot 100 chart.

3. Plaintiffs are the legal or beneficial owners of the copyrights and related rights in hundreds of hugely successful popular musical compositions. One of these is the musical composition entitled "Feels Like Tonight". In 2006, Plaintiffs' "Feels Like Tonight" was recorded by "Daughtry", the immensely popular Grammy-nominated rock group formed by American Idol finalist Chris Daughtry. "Feels Like Tonight" is embodied in "Daughtry's" commercially and critically successful eponymous debut album, released in November of 2006.

4. Defendants Randy Mazick, Nick Turner, Jordan Jason Marino, and Jon Stutler claim to be musicians in group named "The Asphalt" (collectively, "Asphalt" or "The Asphalt Defendants"). The Asphalt Defendants claim to have recorded a song entitled "Tonight," purportedly authored and owned solely by Defendant Mazick. While there is little public information about this band, recently the Asphalt Defendants have created a new webpage on the "social networking" website MySpace.com, accessible at

http://www.myspace.com/theasphalt. The focus of this new webpage is transparent. Asphalt - obscure till now - is seeking to publicly bolster its alleged history and status to gain notoriety and interest in their music The centerpiece of this launched initiative is their creation of a MySpacetv.com video channel linked to their MySpace.com webpage, accessible at http://vids.myspace.com/index.cfm?fuseaction=vids.showvids&friendID=5246628.

5.  The core focus of the Asphalt Defendants' video channel is a video that they created and posted (or caused to be posted) in or about April of 2008 which features music and lyrics from Plaintiffs' composition of "Feels Like Tonight" embodied in a sound recording thereof (the "MySpacetv.com Video"). The MySpacetv.com Video also contains a recording of Mazick's alleged composition "Tonight". By creating and posting (or causing to be posted) this video, Asphalt has usurped and infringed Plaintiffs' copyright interests in "Feels Like Tonight." This infringing use of Plaintiffs' composition has appeared on multiple other websites including www.youtube.com and www.perezhilton.com. In addition Asphalt created and posted (or caused to be posted) on various internet websites in or around April 2008 a second video embodying Daughtry's audiovisual performance of "Feels Like Tonight."

6.  In each of these instances, Asphalt has used Plaintiffs' composition without authority or license and infringed Plaintiffs' copyright. Asphalt has done so to bolster its career and to harass Plaintiffs into capitulating to a settlement based upon Asphalts' public taunts and accusations that "Feels Like Tonight" infringes "Tonight." Defendants have committed this tort as well as the tort of defamation, by their statements intentionally creating and fueling the false accusation and impression that Plaintiff Dr. Luke is a plagiarist.

7.  There is no doubt that these tortious internet postings represent deliberate and willful infringement-- calculated by The Asphalt Defendants to generate media interest, obtain publicity and exposure for their unknown band, and jumpstart their career. Indeed, in recent interviews, the Asphalt Defendants have acknowledged that their actions have had the desired effect: the media frenzy caused by their actions have brought them "offers" in the entertainment industry.

8.  By this action, Plaintiffs seek to stop the blatant infringement of "Feels Like Tonight" by the Defendants, to obtain a declaration that "Feels Like Tonight" does not infringe "Tonight" and to obtain monetary redress for the Defendants' wrongful actions, including the injurious defamation of Plaintiff Dr. Luke.

## JURISDICTION AND VENUE

9.  This is a civil action seeking damages and injunctive relief for direct and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., seeking declaratory relief that Plaintiffs have not infringed Defendant Mazick's copyright, and seeking damages for defamation under the common law of the State of New York.

10. This Court has subject matter jurisdiction over Plaintiffs' claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). Pursuant to 28 U.S.C. § 2201, this Court has jurisdiction over Plaintiffs' claim for declaratory relief. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claim for defamation in that it is so related to Plaintiffs' claims under the Copyright Act as to be part of the same case or controversy.

11. This Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. §302(a)(2) in that Defendants have committed a tortious act within the State of New York and in this judicial district. Alternatively, this Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. §302(a)(3)(ii), in that defendants have committed a tortious act outside the State of New York that has caused injury within this State and District, and Defendants expected or should have reasonably expected their conduct to have consequences in this State and District, and Defendants derive substantial revenue from interstate commerce.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

13. Plaintiff Dr. Luke resides in New York, New York.

14. Plaintiff Max Martin resides in Sweden.

15. Plaintiff Sheppard Solomon has resided in New York and California.

16. Plaintiffs Dr. Luke, Max Martin, and Sheppard Solomon are the co-authors of the musical composition entitled "Feels Like Tonight" and the legal or beneficial owners of the copyright in and to that musical composition.

17. Defendant Randy Mazick resides in Arizona and claims to perform music throughout the country and record music for national distribution. Mazick is the claimed author and owner of a musical composition entitled "Tonight".

18. Defendant Nick Turner resides in Arizona and claims to perform music throughout the country and record music for national distribution.

19. Defendant Jordan Jason Marino resides in Arizona and claims to perform music throughout the country and record music for national distribution.

20. Defendant Jon Stutler resides in Arizona and claims to perform music throughout the country and record music for national distribution.

21. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiffs, which sue said defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiffs will seek leave to amend this complaint to state the Doe Defendants' true names and capacities. The Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth. (The Asphalt Defendants and the Doe Defendants collectively are referred to as "Defendants.")

22. At all times mentioned in this complaint, each of the Defendants was the agent of each of the other Defendants and, in doing the things averred in this complaint, was acting within the course and scope of such agency.

## FACTUAL BACKGROUND

23. Plaintiffs are the co-authors of the music and lyrics to the musical composition "Feels Like Tonight" written in large part in New York, New York in 2005. Plaintiffs have

19115151.1

complied with the formalities of the copyright law for the registration of the copyright in the musical composition of "Feels Like Tonight."

24.     "Feels Like Tonight" was recorded in 2006 by Daughtry, one of the most celebrated recording and performing acts in today's world of entertainment. "Feels Like Tonight" is featured on Daughtry's eponymous album which was released on November 21, 2006, featuring Chris Daughtry of American Idol fame.

25.     The Asphalt Defendants claim to perform together as the unsigned rock band named "The Asphalt."

26.     In or around March 2007, The Asphalt released a music video on the Internet embodying a performance of a musical composition entitled "Tonight."

27.     The Asphalt Defendants' webpage on the "social networking" website MySpace.com is accessible at http://www.myspace.com/theasphalt. The Asphalt Defendants created a MySpacetv.com video channel off of their MySpace.com webpage, accessible at http://vids.myspace.com/index.cfm?fuseaction=vids.showvids&friendID=5246628.

28.     The Asphalt Defendants have created and/or posted on that video channel (or caused to be created and/or posted) a video entitled "Tonight vs. Feels Like Tonight" which features an unauthorized infringing copy of the sound recording embodying Plaintiffs' copyrighted musical composition "Feels Like Tonight" (the "MySpacetv.com Video"). The MySpacetv.com Video was posted on or around April 18, 2008. This infringing use of Plaintiffs' composition has appeared on multiple other websites including www.youtube.com

-7-

and www.perezhilton.com. In addition Asphalt created and posted (or caused to be posted) on various internet websites in or around April 2008 a second video embodying Daughtry's audiovisual performance of "Feels Like Tonight."

29.     The MySpacetv.com Video includes and plays a substantial portion of the sound recording and composition "Feels Like Tonight" as performed and recorded by Daughtry, then plays a portion of The Asphalt song "Tonight."

30.     Defendants and/or the contributors to Defendants' MySpace.com webpage and MySpacetv.com video channel do not have any license, authorization, permission, or consent to use Plaintiffs' copyrighted work "Feels Like Tonight."

31.     The MySpacetv.com Video also includes the following visual text: *"Did Daughtry & Dr. Luke Steal The Song 'Feels Like Tonight?'"*; *"Here's Daughtry and Dr. Luke's version..."*; *"This isn't the first time Dr. Luke has been accused of plagiarism..."*; *"Dr. Luke & Avril Lavigne recently settled a similar suit for her hit song 'Boyfriend'..."*; *"Now let's hear The Asphalt's song 'Tonight...'"*; *"The similarities are astounding, even more so than 'Girlfriend...'"*; *"You be the Judge! Is Dr. Luke making a habit of this?"*;*"www.theasphalt.net"*.

32.     Following these tortious acts and efforts to extract publicity for themselves and money from Plaintiffs, counsel for Defendant Mazick contacted Plaintiff Dr. Luke's counsel claiming that Plaintiffs' musical composition "Feels Like Tonight" is an infringement of Defendant Mazick's copyright in the musical composition "Tonight" and seeking to obtain compensation therefor.

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT

### [By All Plaintiffs Against All Defendants]

33.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 32 of the Complaint.

34.     Defendants have infringed Plaintiffs' copyright in the musical composition "Feels Like Tonight" by reproducing, distributing, and/or publicly performing that musical composition without authorization in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35.     Each such infringement by Defendants of the musical composition "Feels Like Tonight" constitutes a separate and distinct act of infringement.

36.     Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of the Plaintiffs.

37.     As a direct and proximate result of the infringement by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable. Alternatively, the Plaintiffs are entitled to maximum statutory damages of $150,000 for each act of copyright infringement or such other amount as may be proper under 17 U.S.C. § 504(c).

38.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

1911515.1

39.     As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the musical composition "Feels Like Tonight." Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II

### CONTRIBUTORY COPYRIGHT INFRINGEMENT [In the Alternative]

### [By All Plaintiffs Against All Defendants]

40.     Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 39 of the Complaint.

41.     The aforementioned postings on Defendants' MySpace.com webpage and MySpacetv.com video channel constitute infringements of Plaintiffs' copyright in the musical composition "Feels Like Tonight," including the exclusive rights of reproduction, distribution, and public performance, 17 U.S.C. §§ 106 and 501.

42.     Defendants have, with knowledge, materially contributed to and/or induced or caused unauthorized reproductions, distributions, and/or public performances of the musical composition "Feels Like Tonight" by contributors to Defendants' MySpace.com webpage and MySpacetv.com video channel, and thus Defendants have materially contributed to and/or induced or caused the infringement of the Plaintiffs' copyright.

1911515.1

43.     The infringement of "Feels Like Tonight" by Defendants' MySpace.com webpage and MySpacetv.com video channel have been materially contributed to and/or induced by Defendants, and each contribution constitutes a separate and distinct act of infringement.

44.     Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiffs.

45.     As a direct and proximate result of the infringement by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable. Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or such other amount as may be proper under 17 U.S.C. § 504(c).

46.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

47.     As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the musical composition "Feels Like Tonight." Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT III
## FOR DECLARATORY RELIEF

**[By All Plaintiffs Against Defendant Randy Mazick]**

48.  Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 47 of the Complaint.

49.  Defendant Mazick contends that "Feels Like Tonight" infringes "Tonight".

50.  Plaintiffs chave not copied in any way or infringed any copyright claimed to be owned by Defendant Mazick in "Tonight" and that "Feels Like Tonight" does not infringe "Tonight" in any respect.

51.  Plaintiffs independently created the musical composition " Feels Like Tonight."

52.  By reason of the foregoing, an actual and justiciable controversy has arisen and now exists between Plaintiffs, on the one hand, and Defendant Mazick, on the other hand, regarding whether "Feels Like Tonight" infringes "Tonight."

53.  Plaintiffs request a judicial declaration determining that "Feels Like Tonight" was independently created, does not copy or infringe "Tonight," and that Plaintiffs have no liability to Defendant Mazick.

54.  Such a declaration is necessary and appropriate to avoid a multiplicity of actions and to resolve present and continuing disputes between the parties concerning their respective rights and obligations.

## COUNT IV

## DEFAMATION

## [By Plaintiff Dr. Luke Against All Defendants]

55. Plaintiff Dr. Luke incorporates herein by this reference each and every averment contained in paragraphs 1 through 54 of the Complaint.

56. At all times relevant hereto, Plaintiff Dr. Luke, a private individual, has enjoyed a very good reputation, both generally and particularly with respect to his reputation in the music and entertainment industries as a professional and talented songwriter and producer and in connection with his services to his clients, and with the audiences in the music and entertainment industries.

57. Defendants have intentionally made and published unauthorized statements about Plaintiff Dr. Luke to a large audience of various persons on MySpace.com that infer that he is a recidivist plagiarizer of others' musical works and creates the false impression and implies that he regularly copies others' creations. Specifically, Defendants stated: *"Did Daughtry & Dr. Luke Steal The Song 'Feels Like Tonight?'"*; *"Here's Daughtry and Dr. Luke's version..."*; *"This isn't the first time Dr. Luke has been accused of plagiarism..."*; *"Dr. Luke & Avril Lavigne recently settled a similar suit for her hit song 'Boyfriend'..."*; *"Now let's hear The Asphalt's song 'Tonight...'"*; *"The similarities are astounding, even more so than 'Girlfriend...'"*; *"You be the Judge! Is Dr. Luke making a habit of this?"*;"www.theasphalt.net". These words imply and infer that Dr. Luke is unable to honestly perform his trade, occupation, and business services and falsely charge him with multiple acts of plagiarism.

1911515.1

58. Defendants' statements as alleged above are libelous *per se* under New York common law in that said statements were intended to injure Plaintiff Dr. Luke with respect to his profession, trade, occupation or business. Defendants' comments tend to expose Plaintiff Dr. Luke to ridicule, public contempt, aversion, or disgrace and/or induce a poor opinion of his good name and business reputation. In addition, Defendants' comments by their natural consequences will cause irreparable injury and actual damages to Plaintiff Dr. Luke.

59. Defendants' defamatory statements were made without reasonable care, and intentionally to inflict harm. The statements were made with actual malice or reckless and wanton disregard for the false impression they create regarding Dr. Luke.

60. As a direct and proximate result of Defendants' unlawful conduct, as alleged above, Plaintiff Dr. Luke has suffered and will suffer damages in an amount to be proven at trial.

61. Plaintiff Dr. Luke is also entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants and deter them from similar future conduct.

62. As a result of Defendants' conduct, Plaintiff Dr. Luke has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to publish defamatory statements concerning Dr. Luke. Plaintiff Dr. Luke is entitled to preliminary and permanent injunctive relief to restrain and enjoin such conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.  On Counts I and II, for Defendants' profits and for damages in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each act of infringement; or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

2.  On Counts I and II, for a preliminary and a permanent injunction enjoining Defendants, and each of them, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from: (i) directly or indirectly infringing in any manner any of Plaintiffs' copyrights (whether now in existence or hereafter created), including without limitation, "Feels Like Tonight"; and (ii) from causing, contributing to, enabling, facilitating or participating in the infringement of any of Plaintiffs' copyrights, including without limitation, "Feels Like Tonight".

3.  On Count III, for a declaration that "Feels Like Tonight" was independently created by Plaintiffs and does not copy or infringe "Tonight."

4.  On Count IV, for compensatory, punitive and exemplary damages in such amount as may be awarded at trial.

5.  On Count IV, or a preliminary and a permanent injunction enjoining Defendants, and each of them, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from publishing the defamatory statements alleged herein above.

6. For such other and further relief as the Court may deem just and proper, including attorneys' fees and full costs, including pursuant to 17 U.S.C. Section 505 .

DATED: New York, New York
July 28, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: *Christine Lepera*
Christine Lepera (CL 9311)
12 East 49th Street, 30th Floor
New York, New York 10017
Telephone: (917) 546-7703
Facsimile: (917) 546-7673

Attorneys for Plaintiffs
Lukasz Gottwald p/k/a Dr. Luke d/b/a
Kasz Money Publishing
Martin Karl Sandberg p/k/a Max Martin
d/b/a Maratone AB
Sheppard Solomon

## JURY DEMAND

Plaintiffs Lukasz Gottwald p/k/a Dr. Luke d/b/a Kasz Money Publishing; Martin Karl Sandberg p/k/a Max Martin d/b/a Maratone AB; and Sheppard Solomon (collectively, "Plaintiffs"), demand a trial by jury.

DATED: New York, New York
July 28, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: *Christine Lepera*
Christine Lepera (CL 9311)
12 East 49th Street, 30th Floor
New York, New York 10017
Telephone: (917) 546-7703
Facsimile: (917) 546-7673

Attorneys for Plaintiffs
Lukasz Gottwald p/k/a Dr. Luke d/b/a
Kasz Money Publishing
Martin Karl Sandberg p/k/a Max Martin
d/b/a Maratone AB
Sheppard Solomon

1911515.1