# WROBEL & SCHATZ LLP

PHILIP R. SCHATZ
DAVID C. WROBEL
STEVEN I. FOX

DAVID C. RIMAS
BRETT JOSHPE

ATTORNEYS AT LAW
11TH FLOOR
1040 AVENUE OF THE AMERICAS
NEW YORK, NY 10018-3703

TELEPHONE: (212) 421-8100   FAX: (212) 421-8170
www.wandslaw.com

OF COUNSEL
HOWARD S. SUSSMAN
CHRISTOPHER T. LAMAL

August 18, 2008



By Mail
The Honorable Richard M. Berman, U.S.D.J. S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 650
New York, NY 10007
    Re:   <u>Gotwald v. Mazick, 08-civ-6707</u>

**MEMO ENDORSED**
p. 3

Dear Judge Berman:

    We are counsel for defendants Randy Mazick, Nick Turner, Jason Jordan Marino and Jon Stutler (collectively the rock group "The Asphalt") in the above-captioned action. We are writing pursuant to Rule 2A of your individual practices to request permission to file a pre-answer motion to dismiss,[1] on the grounds that this action is a preemptive attempt to hail defendants into a foreign forum with which no defendant has any meaningful connection, and plaintiff's infringement and defamation claims are insufficient as a matter of law.

    <u>Background.</u> Randy Mazick is a musician and composer, and a member, with the other defendants, of the band "The Asphalt." All defendants live and work in Arizona, and have no connection with New York. Mazick wrote a song called *Tonight* in January 2005, and the band began performing it publicly throughout the Southwest for the next several years. In 2007, the Asphalt learned of plaintiffs' song *Feels Like Tonight*, which has a virtually identical "hook"[2] as *Tonight*. Defendants posted an internet video (pulled almost immediately, presumably at

---

[1] We respectfully request that defendants be allowed a reasonable additional time to prepare the motion, once permission to file it is granted.

[2] The "hook" is "an appealing melodic phrase, orchestral ornament, refrain, etc., often important to a popular song's commercial success." See "hook", Dictionary.com Unabridged (v 1.1), http://dictionary.reference.com/browse/hook (accessed: Aug. 12, 2008). See also Gary Burns, *A Typology of 'Hooks' in Popular Records*, Popular Music, Vol. 6, No. 1 (Cambridge U. Press January 1987) at 1 (a 'hook' is "a musical or lyrical phrase that stands out and is easily remembered") (quotation citation omitted).

1

WROBEL & SCHATZ LLP

plaintiffs' instigation) inviting listeners to compare the songs and hired an expert to compare the songs. The expert determined that plaintiffs' song improperly infringed Mazick's song. On July 16, 2008, Mazick's California counsel telephoned plaintiff's attorney, advised him that an expert had determined that plaintiff had copied defendants' hook, and invited him to discuss settlement. Plaintiff's lawyer asked for a damage analysis and said he would get back to Mazick's lawyer when he returned from vacation in a couple of weeks. Instead of responding, plaintiffs (a) registered a copyright for the offending song and (b) filed this preemptive action.

### The Bases for the Motion to Dismiss

Personal Jurisdiction: Sending statements into the state does not, by itself, establish jurisdiction. *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 248, 253 (2d Cir. 2007). The mere possibility that a website posting might be viewed in New York does not support jurisdiction over a non-domiciliary under New York's long-arm statute, CPLR 302. *Id., see also Bensusan Rest. Corp. v. King,* 937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd,* 126 F.3d 25 (2d Cir. 1997); *see generally* 20 Carmody-Wait 2d § 121:89; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:7. Indeed, CPLR 302 expressly excludes defamation from most bases for long-arm jurisdiction as a matter of public policy because of "the ease with which a written or oral utterance may occur in New York, thereby subjecting numerous individuals ... to suit in New York despite their potentially remote connection to the state." *Id.* at C.302:10.

Improper Venue/Anticipatory Filing. Mazick currently intends to file a copyright infringement action in Arizona. A later-filed action takes precedence where the "balance of convenience" favors the second action or where "special circumstances" – such as an anticipatory declaratory judgment action – warrant giving priority to the second action. *Employers Ins. of Wausau v. Fox Ent. Group, Inc.,* 522 F.3d 271, 274-75 (2d Cir. 2008). Both exceptions to the first-filed rule apply here.

2

**WROBEL & SCHATZ LLP**

<u>Failure to State a Claim</u>: Plaintiffs' defamation and copyright claims are deficient as a matter of law. Plaintiffs contend that defendants' MySpace page contains statements that "infer [sic] that [Dr. Luke] is a recidivist plagiarizer" (Complaint ¶ 57). However, none of the allegedly defamatory statements is actionable, either alone or in the aggregate. The statements concerning prior allegations of plagiarism against Dr. Luke and his settlement of a prior lawsuit are true, so not actionable (*e.g.*, Robert D. Sack, *Sack on Defamation*, § 3.1 [2006 rel.]). The remaining statements are clearly opinion or criticism and also may not ground a claim for defamation (*see, e.g., id.* at §§ 4.3.5, 4.1.3 ("The law is particularly solicitous of criticism – artistic, literary, gustatory or other")). Similarly, plaintiffs' copyright claim is an abuse of copyright. The infringement complained of consists of a short clip of the hook portion of Feels Like Tonight, used for the sole purpose of comparing the two songs to show the similarity. There is no allegation (as it would not be true) that defendants sold copies of the video. This is classic fair use. *Leibovitz v. Paramount Pictures Corp.*, 137 F.3d 109, 112 (2d Cir. 1998) (fair use includes commentary and criticism of plaintiff's work).

For each of the foregoing reasons, defendants respectfully request leave to move to dismiss plaintiff's complaint. I am informed that the court has scheduled a conference for September 3, 2008, and I presume that we will discuss motion scheduling on that date. I am on vacation from August 22 to September 2, 2008.

Very truly yours,

Philip Schatz

Cc: <u>By Mail</u> Christine Lepera, Esq., Mitchell Silberberg & Knupp, LLP
12 East 49th Street, 30th Floor, New York, NY 10017

> Plaintiff to respond with 2-3 page letter by 8/29/08 (noon). We can discuss at the conference on 9/3/08.
>
> SO ORDERED:
> Date: 8/29/08
> Richard M. Berman, U.S.D.J.

3